# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MARY WOEHRER,**
        **Petitioner,**

    v.                                        **Case No. 06C1194**

**STEPHEN BERNARD,**
        **Respondent.**

## DECISION AND ORDER

On November 17, 2006, petitioner Mary Woehrer, a Milwaukee lawyer, petitioned for an order compelling respondent Stephen Bernard, a California lawyer, to arbitrate a dispute over the allocation of legal fees in connection with a case that she referred to him. Petitioner alleges that respondent settled the case and refuses to pay the agreed-on fee and to participate in the agreed-on arbitration. Respondent now moves to dismiss the petition for lack of subject matter and personal jurisdiction.

I conclude that I lack subject matter jurisdiction over the case. Section 4 of the Federal Arbitration Act, 9 U.S.C. § 1 et seq., permits a party to file a petition to compel arbitration in a district court. However, a district court has subject matter over such a petition only if diversity jurisdiction exists or if the petition discloses the presence of a federal question. Minor v. Prudential Sec., Inc., 94 F.3d 1103, 1105 (7th Cir. 1996). Petitioner argues that I have diversity jurisdiction. Title 28 U.S.C. § 1332 confers jurisdiction if the parties are diverse and the amount in controversy exceeds $75,000 exclusive of interest and costs.

Petitioner establishes that she and respondent are diverse but not that the amount in controversy exceeds the jurisdictional minimum. To determine whether the jurisdictional minimum has been met, I look only at the petition, and I ask how much is at stake in the arbitration dispute, i.e., what is the maximum that the arbitrator could award petitioner. Am.'s Moneyline, Inc. v. Coleman, 360 F.3d 782, 785-87 (7th Cir. 2004). The sum claimed by the petitioner controls if it appears to be made in good faith, and the case will be dismissed only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount. Meridian Sec. Inc. Co. v. Sadowski, 441 F.3d 536, 541 (7th Cir. 2006). In her petition, petitioner does not ask for a specific amount and does not state anything that indicates that her claim is worth more than $75,000. Thus, she does not satisfy the amount in controversy requirement.

In his motion to dismiss, respondent asserts that in her pre-petition demand for arbitration, petitioner stated that she sought $35,679.09. In her brief, petitioner states that in addition to such amount, she also seeks punitive damages based on respondent's blatant disregard of the agreement. She contends that the combination of compensatory and possible punitive damages gets her over the jurisdictional threshold. While it appears that respondent did blatantly disregard his contractual obligations, petitioner's request for punitive damages is insufficient to establish jurisdiction. This is so for several reasons. First, as indicated, I look only at the petition to determine whether the jurisdictional minimum is met. Second, the claim that petitioner seeks to arbitrate is a breach of contract claim, and under Wisconsin law (which appears to govern the claim), punitive damages may not be awarded in a breach of contract claim. Mackenzie v. Miller Brewing Co., 241 Wis. 2d 700, 724,-25 (2001). Further, even if the arbitrator could award punitive damages,

2

it is extremely unlikely that it would award an amount which together with compensatory damages would exceed the jurisdictional minimum. See Unified Catholic Schs. v. Universal Card Servs. Corp., 34 F. Supp. 2d 714, 719 (E.D. Wis. 1999) (stating that when a claim for punitive damages makes up the bulk of the amount in controversy, the claim must be scrutinized carefully).

Thus, for the above reasons, it appears to a legal certainty that petitioner could not recover an amount equal to the jurisdictional threshold, and I therefore lack subject matter jurisdiction. However, this does not leave petitioner without a remedy. I see no reason why she could not obtain an order from a state court compelling arbitration.

Therefore, for the reasons stated,

**IT IS ORDERED** that defendant's motion to dismiss for lack of subject matter is **GRANTED**, and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 19 day of June, 2007.

/s_____
LYNN ADELMAN
District Judge

3